IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CATHERINE L. B.,**[1]<br><br>     Plaintiff,<br><br>v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**<br><br>     Defendant.<br>_____ | **Civ. No. 3:23-cv-01567-MC**<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiff Catherine B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g).

The Commissioner concedes that the Administrative Law Judge ("ALJ") erred but argues that the appropriate remedy is to remand for further proceedings. Because the record has been fully developed and further proceedings would serve no useful purpose, the Commissioner's decision is REVERSED and this case is remanded for award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for DIB on October 10, 2016, alleging disability since March 28, 2016. Tr. 113. Her claim was denied initially and upon reconsideration. Tr. 130, 149. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Richard Geib on September 25, 2018 and March 5, 2019. Tr. 34–61, 62–110. ALJ Geib denied Plaintiff's claim by a written decision dated April 17, 2019. Tr. 13–27. Plaintiff sought review from the Appeals Council and was denied on April 14, 2020, rendering the ALJ's decision final. Tr. 1. Plaintiff appealed to the District Court.

On Appeal, Judge Hernandez found that the ALJ erred by rejecting the medical opinion of Plaintiff's treating rheumatologist, Dr. Lee Anna Jones, in favor of reviewing nephrologist, Dr. William Cirksena. Tr. 2375–80. Judge Hernandez also found that the ALJ erred in discounting Plaintiff's subjective symptom testimony. Tr. 2380–83. The case was remanded for further proceedings. Tr. 2385.

Upon remand, Plaintiff appeared before ALJ Geib for a third hearing on May 16, 2023. Tr. 2303–36. At that hearing, Plaintiff amended her application to a closed period of disability from March 28, 2016, to December 1, 2021. Tr. 2277. ALJ Gieb denied Plaintiff's claim again on July 12, 2023. Tr. 2277–95. This appeal followed.

Plaintiff was 40 years old at the time of her alleged disability onset and 45 years old at the end of the closed period. *See* Tr. 112. Plaintiff completed two years of college and has a cosmetology certification. Tr. 295. Plaintiff has previously worked as a waitress and as a tanning salon attendant. Tr. 104. Plaintiff alleges disability due to systemic lupus erythematosus with

nephritis, acute renal failure, chronic migraines, chronic pain, chronic fatigue, major depressive disorder, post-traumatic stress disorder, anemia, and arthritis in knee. Tr. 113.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five.

*Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues that the ALJ erred by rejecting the medical opinion of treating rheumatologist, Dr. Jones, in favor of examining nephrologist Dr. Cirksena. Plaintiff also argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. Defendant concedes that the ALJ erred and that the decision was not supported by substantial evidence but argues that this case should be remanded yet again for further proceedings. Defendant suggests:

- On remand, the ALJ shall update the record as necessary.
- The ALJ shall offer Plaintiff a new hearing, and reevaluate the medical opinion from Lee Ann Jones, M.D.
- The ALJ shall be instructed to obtain the opinion of a reviewing rheumatologist regarding Plaintiff's limitations during the closed period at issue;
- The ALJ shall make a new finding as to Plaintiff's residual functional capacity in light of the updated record, and issue a new decision.

Def.'s Brief Mot. Remand 5, ECF No. 17. Defendant argues that "outstanding issues must be addressed before it can be determined whether Plaintiff is disabled." *Id.* at 4. The Court disagrees.

Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the

4 – OPINION AND ORDER

record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these three factors are met, the Court must remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

## I.     The ALJ's Reasoning

Here, it is undisputed that the ALJ erred and failed to provide legally sufficient reasons to reject Plaintiff's subjective symptom testimony and medical opinion evidence.

### *Plaintiff's Subjective Symptom Testimony*

The ALJ failed to identify specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR § 404.1529. Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else

5 – OPINION AND ORDER

disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Among other things, Plaintiff suffers from systemic lupus erythematosus (SLE) with nephritis. Her symptoms include chronic migraines, joint pain, and fatigue. Tr. 303. Plaintiff reported that her sleep is interrupted at nights due to pain and that she naps for about four hours during the day. Tr. 304. On bad days, Plaintiff's chronic migraines keep her confined to bed for the entire day. Tr. 307. Plaintiff testified that on these days she "physically cannot get out of bed." Tr. 74. She testified that she has bad days for about one week out of every month. Tr. 76.

The ALJ did not give Plaintiff's statements regarding the severity of her impairments full weight "based on the overall medical record." Tr. 2284. Specifically, the ALJ cited to Plaintiff's "admitted ability to work full-time with unchanged fatigue levels" and her "rigorous regular activity." Tr. 2284. The ALJ also relied on treatment notes indicating improvement with immunosuppressant therapy and oxycodone. Tr. 2284. Finally, the ALJ cited to the statement from Plaintiff's nephrologist that her kidney disease is in remission and should not cause kidney-related fatigue. Tr. 2284.

The record shows that Plaintiff made multiple unsuccessful work attempts. Plaintiff testified that in 2019, she worked as an esthetician three to four hours a week. Tr. 2313–14. Plaintiff was able to do the job but "called out quite a bit . . . due to a lot of migraine headaches and fatigue." Tr. 2314. Plaintiff then tried working as an independent contractor with Uber Eats and Door Dash. Tr. 2314. She also worked briefly at Pizza Hut in late 2021 and early 2022. Tr. 2314. Plaintiff testified that working at Pizza Hut "was just too much for me." Tr. 2314. Next, in

2022, Plaintiff worked remotely in customer service for Consumer Cellular. Tr. 2315. Plaintiff started working full-time but "after the first month [she] started missing . . . a lot of work." Tr. 2315–16. Plaintiff testified that she was calling out of work every week. Tr. 2316. Plaintiff was able to transition to part-time work, but she still needed to call out frequently, so her employment ended. Tr. 2316. However, between her work at Pizza Hut and Consumer Cellular, Plaintiff was earning SGA-level income, which is why she requested a closed period of disability through December 1, 2021.

The ALJ's reliance on Plaintiff's unsuccessful work attempts to discredit her testimony was error. Despite her attempts, Plaintiff was unable to maintain full-time employment during the closed period. By all accounts, Plaintiff struggled to maintain full-time employment due to her symptoms after the closed period; that she has attempted to work enough to reach SGA-level activity is a credit to her desire to work despite her debilitating symptoms.

The ALJ's remaining grounds for discrediting Plaintiff's subjective symptom testimony repeat the same faulty reasoning that Judge Hernandez rejected in 2022.

The ALJ characterized Plaintiff's daily activities of practicing yoga, jogging, walking her dog, and exercising as "rigorous regular activity." Tr. 2284. But, as Judge Hernandez noted,

> a claimant should not be penalized for attempting to lead as normal a life as possible in the face of her disability. *Reddick*, 157 F.3d at 722. "[A] claimant need not vegetate in a dark room in order to be eligible for benefits." *Molina*, 674 F.3d at 1113. The ALJ also cherry-picked the record to only consider times when Plaintiff was at her most active. The ALJ neglected the facts that Plaintiff discontinued jogging after one month and has intermittently been unable to participate in yoga. Tr. 1952, 1956. While Plaintiff walked her dog daily, she was also taking naps for one to two hours each day because of fatigue. Thus, the ALJ erred in concluding that Plaintiff's reports of limited activity are inconsistent with her claim that she was unable to work due to disability.

Tr. 2383.

7 – OPINION AND ORDER

The ALJ cited to Plaintiff's improvements when she began immunosuppressants, when her pain was more manageable and her headaches had improved. However, in relying on these improvements, the ALJ

> ignored the waxing and waning nature of SLE. An ALJ may not cherry-pick the record to find only facts that support a non-disability decision while ignoring conflicting facts. See garrison, 759 F.3d at 1017 (holding that when a claimant's condition causes cycles of improvement and debilitating symptoms, "it is error to an ALJ to pick out a few isolated instances of improvement" to support a finding of non-disability). Here, the ALJ ignored many instances in the record where Plaintiff reported that she was experiencing worsening symptoms such as increased fatigue, more pain, and new rashes. Plaintiff also testified during the hearing that she had good days interspersed with "bad days" in which she "physically cannot get out of bed." Tr. 74. And even on her "good days," Plaintiff reported having pain and stiffness, needed to rest after taking a shower, and taking a one- or two-hour nap each day. Tr. 71-73.

Tr. 2382.

Finally, the ALJ's reliance on the statement from Plaintiff's nephrologist was also error. "But the objective findings of normal kidney function do not undermine Plaintiff's reports of experiencing severe fatigue and pain [are] from her underlying rheumatologic condition, SLE." Tr. 2382.

*Medical Opinion Evidence*

Plaintiff argues that the ALJ erred by giving great weight to the medical opinion of reviewing nephrologist, Dr. Cirksena, contrary to the mandate of the District Court. Plaintiff also argues that the ALJ erred by failing to give controlling weight to the medical opinion of Plaintiff's treating rheumatologist, Dr. Jones. The Court agrees.

For claims filed before March 27, 2017, an ALJ must weigh the following factors when considering medical opinions: (1) whether the source has an examining relationship with claimant; (2) whether the source has a treatment relationship with claimant; (3) supportability (as

8 – OPINION AND ORDER

shown by relevant evidence and explanation); (4) consistency with the record as a whole; (5) specialization; and (6) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 404.1527(c)(1)–(6). "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Id.*

As Judge Hernandez found in his 2022 Order & Opinion, "[t]he ALJ erred by rejecting Dr. Jones['] opinion in favor of Dr. Cirksena's conflicting opinion." Tr. 2376.

> An ALJ must "give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(5). But here, the ALJ incorrectly interprets Plaintiff's underlying condition for which she claims disability. Plaintiff primarily claims disability based on symptoms of severe fatigue and pain due to her underlying diagnosis of SLE< a rheumatologic disorder rather than lupus nephritis, a kidney disorder. Tr. 20. Pl. Brief 7. SLE is a type of autoimmune disease in which the immune system attacks its own tissues. The kidney is an organ that is often affected, and Plaintiff's diagnosis of lupus nephritis stems from her underlying SLE. At the time of the ALJ's decision, she had normal kidney function, and according to Dr. Cirksena, her lupus nephritis was not a cause of her disabling symptoms. But even with normal kidney function, Dr. Jones found that Plaintiff has disabling pain and fatigue from her underlying SLE. As a rheumatologist, Dr. Jones has more expertise and is a more appropriate type of specialist to opine on whether the severity of Plaintiff's SLE explains her claimed symptoms and limitations.

Tr. 2378–79.

**II.     Credit as True**

9 – OPINION AND ORDER

As Defendant concedes, the ALJ erred and the decision was not supported by substantial evidence. If Plaintiff's subjective symptom testimony or Dr. Jones' medical opinion were credited as true, the ALJ would be required to find Plaintiff disabled. Plaintiff testified that she has bad days where she cannot get out of bed for up to a week a month. Tr. 74, 76, 307. Similarly, Dr. Jones opined that Plaintiff is likely to have more than two bad days a month where she would miss work. Tr. 1268, 1891. The vocational expert testified that an employee who missed more than one day of work a month would be unable to maintain employment. Tr. 2329. Based on vocational expert testimony, Plaintiff would be unable to maintain employment.

### III.    Further Proceedings

Defendant argues that "the medical evidence calls for further development." Def.'s Brief 7. The medical record in this case consists of more than 2,000 pages, with medical opinions from Plaintiff's treating rheumatologist and an additional medical provider, Dr. Mary Jo Clarke. Plaintiff has testified at three hearings and submitted a function report. The Commissioner has had the opportunity to solicit testimony from a rheumatologist, as recommended by the District Court, but instead erroneously relied again on testimony of a different specialist. Plaintiff's closed period of alleged disability ended before the third hearing and the second ALJ decision – the ALJ had available all of Plaintiff's medical records through that date. The Court cannot fathom how the record could be more fully developed. "Allowing the ALJ to have [another] mulligan" is not a "useful purpose." *Garrison*, 759 F.3d at 1021.

Defendant has not identified any legitimate gaps or ambiguities in the evidence that would require further development of the record.

As the Ninth Circuit has emphasized, the credit-as-true analysis "is designed to achieve fairness and efficiency." *Id.* at 1019. "Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional. Such damage can never be remedied." *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

This is a rare instance where remand for an award of benefits is appropriate. Plaintiff satisfies all three requirements under *Garrison*. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

## CONCLUSION

For these reasons, the Commissioner's final decision is REVERSED and this case is remanded for award of benefits.

IT IS SO ORDERED.

DATED this 9th day of May, 2025.

        s/ Michael J. McShane
        Michael J. McShane
        United States District Judge